### Nikas Estate (No. 2)

*A. Martin Herring*, for petitioner.
*Herbert W. Salus*, for Commonwealth.

BOLGER, J., February 11, 1965.—By my adjudication dated January 25, 1962, 28 D. & C. 2d 151, I awarded the balance of principal and income to be deposited in Federally insured savings institutions in the name of Sophia Dardaris, trustee, the accounts not to be withdrawn except upon further order of the court. The trustee has subsequently filed a petition for leave to distribute $100 per month or $300 quarter annually to Katerina Nikas, widow of the decedent, who still resides in Albania.

Reference to the prior adjudication will indicate that with the permission of the court, the accountant personally visited Katerina Nikas in Albania and took funds to her as part of this estate. At a hearing held pursuant to the petition, the Commonwealth of Pennsylvania indicated that, in this case only, it would make no objection to the disbursement of relatively small sums on a monthly basis.

In granting such permission, the court does not hereby agree that in every instance where distribution is made to a resident of Albania, that the distributee would have the use, benefit and control of such remittances.

In this case the accountant since 1960 has remitted $1,800 from her own funds, some to Katerina Nikas

and other sums to a niece living in Albania. In every instance the remittance was by American Express Company checks mailed at Philadelphia by registered mail with a return receipt requested. Return receipts signed by the addressee or a proper agent were received by the sender in all instances. She also received acknowledgments by letters.

The rate of exchange is 125 leks for each dollar, and continued remittances will be in part dependent upon proof that the recipient has received not less than that rate.

The court does find on the basis of testimony submitted that at the present time, the widow can have such use, benefit and control of small sums. It is recognized that this situation is fluid and it is possible that at some future date such benefit may be denied to the widow, or the payments may be increased in amount.

It is, therefore, important that strict supervision of all receipts must be maintained. It is encumbent upon the accountant to receive a satisfactory receipt for any monthly payment before any succeeding payment shall be made.

The present Special Assistant Attorney General for the Commonwealth of Pennsylvania has agreed that he will scrutinize all such receipts quarter-annually.

Subject to the foregoing, So-hia Dadaris, trustee under the will of Vasilios Nikas, is authorized to withdraw and remit $75 per month to Katerina Nikas in Albania. This authority shall continue in full force and effect until further order of this court.

Accordingly, in all other respects, my adjudication dated January 25, 1962, shall remain in full force and effect.